United States District Court
Southern District of Texas
**ENTERED**
January 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FSI CONSTRUCTION, INC., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3636 |
| | § | |
| KELLY MARTIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner FSI Construction, Inc. ("Petitioner") obtained an arbitration award against respondent Kelly Martin ("Respondent") in <u>FSI Construction, Inc. v. Kelly Martin</u>, American Arbitration Association ("AAA") Case No. 01-19-0004-5543 (the "Arbitration").[1] Pending before the court is FSI Construction, Inc.'s Petition and Application to Confirm Arbitration Award ("Petition") (Docket Entry No. 1). For the reasons explained below, the Petition will be granted.

**I.   Factual and Procedural Background**

Petitioner is a Houston-based contracting company that performs renovations, rehabilitation work, and repositioning for

---

[1]Final Award, Exhibit A to Petition, Docket Entry No. 1-1, pp. 11-12.  All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

multi-family complexes.² Respondent was employed by Petitioner for approximately seven years and became its sole Executive Vice President.³ The Employment Agreement between the parties contained an agreement to arbitrate, which provides in relevant part that

> . . . any dispute, claim or controversy concerning Employee's employment or the termination of Employee's employment, or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by Arbitration to be held in Houston, Harris County, Texas, in accordance with the rules then in effect of the American Arbitration Association. The Arbitrator may grant injunctions or other relief in such dispute or controversy. The decision of the Arbitrator shall be final, conclusive and binding on the parties to the Arbitration. Judgment may be entered on the Arbitrator's decision in any court having jurisdiction.⁴

On December 19, 2019, Petitioner filed a Demand for Arbitration with the AAA alleging that Respondent had breached his contract and otherwise failed to comply with the terms of his agreement with Petitioner.⁵ On January 13, 2020, Respondent filed an Answering Statement with the AAA.⁶ The Hon. Elizabeth Ray (the "Arbitrator") conducted an evidentiary hearing on August 10-12,

---

²Petition, Docket Entry No. 1, p. 3 ¶ 7; Respondent's Original Answer ("Respondent's Answer"), Docket Entry No. 11, p. 2 ¶ 7.

³Petition, Docket Entry No. 1, p. 3 ¶ 8; Respondent's Answer, Docket Entry No. 11, p. 2 ¶ 8.

⁴Petition, Docket Entry No. 1, p. 4 ¶ 10.

⁵Demand for Arbitration, Exhibit D to Petition, Docket Entry No. 1-4, p. 1.

⁶Answering Statement, Exhibit E to Petition, Docket Entry 1-5, p. 1.

2020.[7] The parties agreed that no record of the arbitration hearing would be kept and no transcript would be made.[8] On September 17, 2020, the Arbitrator issued her Final Award.[9]

The Arbitrator found the following relevant facts:

- Both Respondent and his wife, who also worked for Petitioner, received job offers from Camp Construction, one of Petitioner's competitors, in July of 2019.

- Respondent resigned his position with Petitioner on September 18, 2019.

- Respondent and his wife transferred data belonging to Petitioner from their computers to a hard drive that "mysteriously disappeared with no credible explanation[.]"

- Respondent and his wife "wipe[d] their FSI computers clean before they turned them over to FSI[.]"

- Respondent's "FSI computer [was] returned with an undisclosed password rendering it completely inaccessible[.]"

- Respondent's wife emailed instruction to a friend who also left Petitioner to work for Camp Construction, using his private email, "to disclose details about the FSI projects she had loaded onto that missing hard drive[.]"

- Camp Construction offered to pay a commission to Respondent for "all the work you will immediately bring to the table[.]"

- Respondent, "after getting a written job offer from Camp, knowing that he was leaving FSI

---

[7]Final Award, Exhibit A to Petition, Docket Entry No. 1-1, p. 2.

[8]Petition, Docket Entry No. 1, p. 4 ¶ 13; Respondent's Answer, Docket Entry No. 11, p. 4 ¶ 13.

[9]Final Award, Exhibit A to Petition, Docket Entry No. 1-1, p. 12.

>   imminently . . . fire[d] FSI's Arizona salesperson with no replacement in sight and direct[ed] that all leads come to him personally[.]"
>
> - Respondent interviewed and hired Petitioner's "Qualifying Person in Nevada, knowing that this person was not, in fact[,] qualified," and then "threaten[ed] to expose FSI to Nevada officials for having an unqualified Qualified Person if they did not yield to his demand of a payment of $230,000 and a reduction of the terms of his non-compete, a threat he actually carried out shortly thereafter much to the detriment of FSI."[10]

The Arbitrator concluded that Respondent wrongfully took information from Petitioner, violated the non-compete provision of his contract, committed tortious interference, and breached his fiduciary duty.[11]

The Arbitrator awarded injunctive relief permanently enjoining Respondent from using or disclosing Petitioner's confidential information.[12] She also reformed Respondent's non-competition agreement and enjoined him for two years commencing on the date of his resignation from competing with Petitioner in accordance with the reformed non-compete.[13] She also ordered him to pay Petitioner the sum of $137,378 as actual damages for tortious interference and breaches of fiduciary duty.[14]

---

[10] Id. at 3-5.

[11] Id. at 8-10.

[12] Petition, Docket Entry No. 1, p. 5 ¶ 15; Respondent's Answer, Docket Entry No. 11, p. 2 ¶ 15 ("[Respondent] admits the remainder of the allegations in Paragraph 15.").

[13] Id.

[14] Id.

After the award was issued, Respondent requested clarification of the injunctive relief in the Award, alleging that it was vague.[15] Petitioner responded that the Award was clear and unambiguous but had a typographical error, in that the phrase "directly or directly" in Par. VIII(1)(b)(ii) should have read "directly or indirectly."[16] On October 21, 2020, the Arbitrator issued her Disposition for Application of Clarification of Award in which she corrected "directly" to "indirectly" and stated: "In all other respects my Award dated September 17, 2020, is reaffirmed and remains in full force and effect."[17]

On October 23, 2020, Petitioner filed the pending Petition. On January 3, 2021, Respondent filed his Response to FSI Construction, Inc.'s Petition/Motion to Confirm Arbitration Award ("Respondent's Response") (Docket Entry No. 14). On January 6, 2021, Petitioner filed its Reply to Respondent's Response to Petition/Motion to Confirm Arbitration Award ("Petitioner's Reply") (Docket Entry No. 15).

## II. Discussion

Respondent argues that the "non-competition provision in question [is] clearly unenforceable under Texas law," that the

---

[15]Request for Clarification, Exhibit F to Petition, Docket Entry No. 1-6.

[16]Claimant's Response to Respondent's Request for Clarification, Exhibit G to Petition, Docket Entry No. 1-7, p. 2.

[17]Disposition for Application of Clarification of Award, Exhibit B to Petition, Docket Entry No. 1-2.

Final Award is "unenforceably vague and ambiguous[,]" and that the Arbitrator therefore "exceeded her powers" in drafting the Final Award.[18] Petitioner argues that Respondent's arguments are improper and should not be considered because "the statutory bases for vacating an arbitrator's award are the only grounds on which a court may vacate an award."[19]

Petitioner makes its request to confirm the Final Award pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA").[20] Congress enacted the FAA to replace judicial indisposition to arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts. 21st Financial Services, L.L.C. v. Manchester Financial Bank, 747 F.3d 331, 335 (5th Cir. 2014) (citing Hall Street Associates L.L.C. v. Mattel, Inc., 128 S. Ct. 1396, 1402 (2008)). In cases falling within a court's jurisdiction, the FAA makes contracts to arbitrate "valid, irrevocable, and enforceable," so long as their subject involves "commerce." Hall Street, 128 S. Ct. at 1402 (citing 9 U.S.C. § 2).

Under 9 U.S.C. § 9, a court "must" confirm an arbitration award "unless" it is vacated, modified, or corrected "as prescribed" in §§ 10 and 11. Id. Section 10 sets forth the four statutory bases for vacating an award:

---

[18]Respondent's Response, Docket Entry No. 14, p. 1.

[19]Petitioner's Reply, Docket Entry No. 15, p. 1 ¶ 2.

[20]Petition, Docket Entry No. 1, p. 1 ¶ 1.

>  (1)  where the award was procured by corruption, fraud, or undue means;
>
>  (2)  where there was evident partiality or corruption in the arbitrators, or either of them;
>
>  (3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>  (4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).  "These are the exclusive grounds according to which a district court may vacate an arbitration award." Martel v. Ensco Offshore Co., 449 F. App'x 351, 354 (5th Cir. 2011) (citing Hall Street, 128 S. Ct. at 1403).  Federal courts read 9 U.S.C. §§ 9-11 as "substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." Hall Street, 128 S. Ct. at 1405.  "Any other reading opens the door to the full-bore legal and evidentiary appeals that can 'render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process.'"  Id. (quoting Kyocera Corp. v. Prudential-Bache Trade Services, Inc., 341 F.3d 987, 998 (9th Cir. 2003)).

Respondent does not cite the FAA to support his argument that the Final Award is unenforceable, but he does argue that the

Arbitrator "exceeded her powers,"[21] which is one of the grounds for vacatur provided for under 9 U.S.C. § 10(a)(4). Thus, the court will proceed as though Respondent has argued for vacatur under that provision.

The "powers" that Section 10 prohibits arbitrators from "exceed[ing]" are those granted by the parties' arbitration agreement. See Hall Street, 128 S. Ct. at 1404 ("Sections 10 and 11, after all, address egregious departures from the parties' agreed-upon arbitration . . . ."). In reviewing a district court's decision to vacate an arbitration award under 9 U.S.C. § 10(a)(4), "courts may set aside awards when the arbitrator exceeds his contractual mandate by acting contrary to express contractual provisions." PoolRe Insurance Corp. v. Organizational Strategies, Inc., 783 F.3d 256, 262 (5th Cir. 2015) (quoting Beaird Industries, Inc. v. Local 2297, International Union, 404 F.3d 942, 946 (5th Cir. 2005)). Courts must sustain an award "as long as the arbitrator's decision 'draws its essence' from the contract." Id. (citing Timegate Studios, Inc. v. Southpeak Interactive, L.L.C., 713 F.3d 797, 802 (5th Cir. 2013)). Only where the arbitrator "exceeds the express limitations of his contractual mandate" is judicial deference at its end. Id. (citing Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Association, Associated Maritime Officers, AFL-CIO, 889 F.2d 599, 602 (5th Cir. 1989)).

---

[21]Respondent's Response, Docket Entry No. 14, p. 1.

But Respondent does not argue that the Arbitrator "exceeded her powers" under the parties' contract. He does not point to any "express limitations of [the] contractual mandate" that the Arbitrator strayed beyond. See Delta Queen, 889 F.2d at 602. Instead, Respondent argues that the Final Award is unenforceable because the Arbitrator exceeded her powers under Texas law.[22] This is not a basis for vacatur under 9 U.S.C. § 10(a)(4). Federal courts have consistently held that even "manifest disregard of the law" is not an independent ground for challenging an arbitral award. Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349, 358 (5th Cir. 2009). Thus, despite superficially mirroring the language of 9 U.S.C. § 10(a)(4), Respondent does not state grounds for vacatur under the statute. As such, Respondent's arguments concerning the Award's perceived departures from Texas law are improper and cannot be considered by this court.

Respondent also argues that the absence of a transcript precludes confirmation of the Award.[23] But the non-prevailing party

---

[22]See Respondent's Response, Docket Entry No. 14, p. 1 ("[T]he arbitral award is clearly improper under Texas law, as the non-competition provision in question was clearly unenforceable under Texas law, and was not properly reformed to comply with such law . . . . Therefore, in drafting the award, the arbitrator exceeded her powers . . . .").

[23]See id. (arguing that the Award "cannot now be properly reformed to comply with Texas law due to the absence of a record[,]" and that "[t]herefore, in drafting the award, the arbitrator exceeded her powers, and rendered an unenforceably vague and ambiguous order which cannot be reformed or properly confirmed.")

seeking to vacate an arbitration award bears the burden of producing a complete record that establishes the basis for vacating the award. Baylor Health Care System v. Equitable Plan Services, Inc., 955 F. Supp. 2d 678, 695 (N.D. Tex. 2013). In Alpert v. Bennett Law Firm, P.C., 2007 WL 2409354 at *4 (S.D. Tex. 2007), the defendant sought to prevent confirmation of an arbitration award by arguing that the arbitrator acted in manifest disregard of the law. But the court held that because the parties did not keep a record of the arbitration, and because the defendant could produce no evidence beyond conjecture that the arbitrator was aware of a rule and instead substituted his own, the defendant could not make the showing necessary to avoid confirmation of the award. Id. at *5. Respondent concedes that the parties agreed not to request a transcript of the arbitration.[24] The absence of a transcript does not preclude enforcement, but precludes vacatur.

Finally, Respondent argues that the court "cannot properly confirm the Award as requested and enter a final judgment because the Award is ambiguous."[25] The Award as corrected states that Respondent is enjoined for 24 months, commencing on the date of his resignation (September 17, 2019), from the following:

> (i) serving as a partner, employee, consultant, officer, director, manager, agent, associate,

---

[24] Petition, Docket Entry No. 1, p. 4 ¶ 13; Respondent's Answer, Docket Entry No. 11, p. 2 ¶ 13.

[25] Respondent's Response, Docket Entry No. 14, p. 8 ¶ 17.

>    investor, or otherwise, with any organization in direct competition with FSI and/or
>
>    (ii) directly or indirectly owning, purchasing, organizing or taking preparatory steps for the organization of or building, designing, financing, acquiring, leasing, operating, managing, investing in, working or consulting for or otherwise affiliating himself with, any business that provides construction services for multi-family or student housing construction projects in the following states: Texas, Nevada, Arizona, California, Utah, and Colorado.[26]

Respondent argues that "Section (i) is limited to 'direct competition' which can mean competing for the same jobs, or with the same clients, or in the same regions. The intent is unclear and can be interpreted in several different ways . . . ."[27] Respondent urges the court to remand the award to the Arbitrator with instructions to clarify the Award's "particular ambiguities."[28] These are the same issues that Respondent raised in his Request for Clarification on September 18, 2020.[29] Petitioner responded to Respondent's Request for Clarification on September 23, 2020, explaining that the Award was clear as written:

>    The Award also does not need clarification. Judge Ray is enjoining Martin from competing against FSI in Texas, Nevada, Arizona, California, Utah and Colorado but

---

[26] Final Award, Exhibit A to Petition, Docket Entry No. 1-1, p. 11 ¶ 1(b)(i) and (ii).

[27] Respondent's Response, Docket Entry No. 14, p. 9 ¶ 17.

[28] Id. at ¶ 18.

[29] See Request for Clarification, Exhibit F to Petition, Docket Entry No. 1-6.

recognizes that Martin will make every effort to circumvent her Award if he is allowed to affiliate in any capacity for Camp Construction or another business that provides contracting services for multi-family or student housing projects in those states. Sections (1)(b)(i) and (ii) are not separate, stand-alone provisions but instead must be read together, and the list of states applies to both subsections. Subsection (i) outlines the basic prohibition against working for a direct competitor in the enumerated states, and Subsection (ii) gives "teeth" to Subsection (i) and ensures that Martin cannot circumvent his obligations in the non-compete territory by pretending to work from an office outside of those states or by changing job titles. While Subsection (ii) indirectly restricts his choice of employers outside the non-compete territory to businesses that do not have any competitive operations in the non-compete territory, the restrictions are slight.[30]

The Arbitrator reviewed Respondent's Request for Clarification and reviewed Petitioner's Reply, and on October 21, 2020, she issued a minor correction to address a clerical error, stating: "In all other respects my award dated September 17, 2020, is reaffirmed and remains in full force and effect."[31] The court concludes that if the Arbitrator had intended an interpretation of the Award that differs from the one outlined above, she would have clarified the Award. Bearing in mind the highly deferential standard that federal courts apply when reviewing arbitration awards, the court concludes that no further clarification of the Award is necessary.

---

[30]Response to Request for Clarification, Exhibit G to Petition, Docket Entry No. 1-7, pp. 1-2.

[31]Disposition for Application of Clarification of Award, Exhibit B to Petition, Docket Entry No. 1-2.

### III. Conclusion and Order

For the reasons set forth above, FSI Construction, Inc.'s Petition and Application to Confirm Arbitration Award (Docket Entry No. 1) is **GRANTED**, and the Final Award will be confirmed.

**SIGNED** at Houston, Texas, on this 26th day of January, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE